Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 401 | **DATE** | June 6, 2011 |
| **CASE TITLE** | One Call Locators, Ltd. et al. v. USIC Locating Services, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to compel discovery responses [38] is granted in part and denied in part. Defendant is ordered to comply with this order by June 17, 2011. A status hearing is scheduled for June 21, 2011, at 11:00 a.m. in courtroom 1944D.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiffs One Call Locators, Ltd. ("One Call") and Lee C. Graves (together "Plaintiffs") moved to compel Defendant USIC Locating Services, Inc. ("USIC") to amend its responses to Plaintiffs' Interrogatory ## 1-6 and Request for Production ## 1-10, 12-14. Plaintiffs also request that the court order USIC to amend all of its responses to their Request for Admissions. Plaintiffs claim that these discovery requests seek information relevant to the following central issues in this case: (1) USIC's intent in drafting the First Amendment to the Asset Purchase Agreement ("APA"); (2) the contractual interpretation of APA; and (3) the timing for an accounting and financial reconciliation between the parties.

Plaintiffs' Motion to Compel Discovery Responses is granted in part and denied in part. Pursuant to Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to discovery of admissible evidence." With respect to motions to compel, the Seventh Circuit has instructed that a "district court may grant or deny the motion in whole or in part, and similar to a ruling on a request for a protective order under Rule 26(c), the district court may fashion a ruling appropriate for the circumstances of the case." *Gile v. United Air Lines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). District courts are afforded broad discretion in resolving discovery disputes. *See Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 629 (7th Cir. 2008).

**Interrogatory ## 1-2:** Plaintiffs withdrew their motion as it pertains to these interrogatories, but plan to assert their relevance at a later time depending on the disposition of USIC's partial summary judgment motion pending before the assigned District Judge. (R. 43, Pls.' Reply at 4.)

**Interrogatory ## 3-6:** Because USIC's answers to Interrogatory ## 3-6 are relevant to the issue of the timing for the accounting and financial reconciliation between the parties, the motion is granted. Rule 33(d) permits

parties responding to interrogatories to produce business records in lieu of an answer. In this case, USIC posed certain objections and then referred to its partial summary judgment motion as an answer to these interrogatories. First, the objections are overruled as they are not applicable. Second, the motion for partial summary judgment is not a business record and USIC did not cite to specific pages of the motion in answering the interrogatories. The purpose of these interrogatories is clear—to understand the basis for USIC's position. USIC is ordered to provide specific numbered headings of the APA in response to these interrogatories.

**Request for Production ## 1-8 and 10:** Because USIC's responses to these requests are not relevant to the claims as defined by Plaintiffs, the motion is denied. These requests do not seek to discover documents that may provide useful information about determining the timing for an accounting and financial reconciliation between the parties. Plaintiffs misinterpret USIC's assertion that "Plaintiffs now seek to compel documents that the parties will inevitably exchange at some point during this process," (R. 41, Def.'s Resp. at 4), as a concession that the documents they demand are relevant. USIC merely meant to indicate that even though it will not produce the requested documents in response to the discovery requests, these records will be eventually exchanged by the parties pursuant to the terms of the APA.

**Request for Production ## 9 and 12-14:** Plaintiffs withdrew their motion as it pertains to these requests, but plan to assert their relevance at a later time depending on the disposition of USIC's partial summary judgment motion pending before the assigned District Judge. (R. 43, Pls.' Reply at 4.)

**Request for Admissions:** Because Plaintiffs have not provided this court with their Request for Admissions and USIC's written responses to those requests, the motion is denied without prejudice as the court is unable to evaluate either the requests or responses.

**Attorney's Fees and Reasonable Expenses**: The motion is denied. Federal Rule of Civil Procedure 37(a)(5) contains a presumption that the prevailing party on a motion to compel is entitled to expenses, including attorney's fees. *See Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786-87 (7th Cir. 1994). An award of sanctions, however, "must be proportionate to the circumstances surrounding the failure to comply with discovery." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993). Therefore, a court must not order monetary sanctions if the opposing party's "objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A)(ii)-(iii). Here, the court finds that an award of expenses would be unjust because USIC's position with respect to Plaintiff's Interrogatory ##1 and 2 and their Request for Production ## 9, 12-14 was substantially justified and was not unreasonable in light of its belief that the parties agreed to refrain from requesting discovery materials pertaining to the issue of intent. Also, having granted the motion in part and denied the motion in part, an award of expenses would not be appropriate. Furthermore, to the extent USIC requests an award of expenses, that request is also denied.